BY THE COURT:
 

 Sarasota passed a resolution imposing a 10% of gross receipts user fee on courtesy vehicles operated by off-airport rental car agencies. The resolution also imposed various requirements on the courtesy vehicles of off-airport rental car agencies that are not imposed on courtesy vehicles operated by other off-airport entities, e.g. hotels. The resolution contained a severability clause. Alamo, an off-airport rental car agency, sued Sarasota to challenge the resolution on federal constitutional and Florida law grounds.
 

 On October 7, 1985 the district court, pursuant to its memorandum opinion of September 27, declared the resolution unconstitutional on Fourteenth Amendment equal protection grounds and decreed it unenforceable. Sarasota moved on October 15 to modify the judgment to limit the declaration and decree to the user fee provision, leaving the remaining provisions of the resolution intact. On December 17 the district court issued an order revising its October 7 judgment, limiting the judgment to the user fee.
 

 On January 2, Alamo moved under F.R. Civ.P. 59(e) to reinstate the October 7 judgment or, in the alternative, under Rule 52(b) to make supplemental findings in order to decide Alamo’s remaining grounds for relief. Sarasota filed a memorandum in opposition. It opposed reinstatement but did not oppose supplemental findings. Sarasota simultaneously filed a notice of appeal.
 

 Alamo moved to strike Sarasota’s notice of appeal under F.R.A.P. 4(a)(4) and F.R. Civ.P. 59(e) and 52(b). A notice of appeal filed during the pendency of a Rule 52 or Rule 59 motion in the district court is a nullity. Sarasota contends, however, that the purported Rule 59(e) motion was “simply a motion for reconsideration” and (presumably) thus not within F.R.A.P. 4(a)(4), and that Alamo’s Rule 52(b) motion was not timely filed.
 

 
 *1479
 
 Sarasota’s sole ground for classifying Alamo’s Rule 59(e) motion as a Rule 60 motion is that Alamo’s supporting arguments “were or could have been presented” in opposition to Sarasota’s October 15 motion. Its sole ground for asserting that Alamo’s Rule 52(b) motion is untimely is that the motion “related” not to the district court’s December 17 order but to the district court’s memorandum opinion of September 27. Sarasota cites no authority for either of these arguments. The argument regarding the Rule 52(b) motion is merit-less, for Alamo had no reason to ask for findings to supplement the September 27th memorandum opinion, which struck the resolution as a whole.
 

 We do not need to address the merits of Sarasota’s argument that the Rule 59(e) motion was in reality a Rule 60 motion. The pendency of the Rule 52(b) motion in the district court at the time Sarasota filed its notice of appeal is enough to require that we dismiss the appeal for lack of jurisdiction. F.R.A.P. 4(a)(4).
 

 DISMISSED.